## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

WILLARD LAMAR SMITH,

     Plaintiff,

     CASE NO.

-vs-

LEXISNEXIS RISK SOLUTIONS,
INC.,

     Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, WILLARD LAMAR SMITH (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendant, LEXISNEXIS RISK SOLUTIONS, INC. (hereinafter "LexisNexis"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.    This is an action alleging LexisNexis violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (FCRA) by producing and selling credit reports inaccurately reporting as to Plaintiff, and thereby failing to follow policies and

procedures to ensure the maximum possible accuracy of the consumer report it produced and sold.

3.     The FCRA creates a private right of action against a consumer reporting agency for the negligent, 15 U.S.C. § 1681o, or willful, 15 U.S.C. § 1681n, violation of any duty imposed by the FCRA. *Alexander v. Certegy Check Servs.*, No. 8:16-CV-859-17JSS, 2016 U.S. Dist. LEXIS 180072, at *5 (M.D. Fla. Dec. 29, 2016) (*citing Collins v. Experian Info. Sols., Inc.*, 775 F.3d 1330, 1333 (11th Cir. 2015)).

4.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

5.     Jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

6.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

7.     Venue is proper in this District as LexisNexis's principal address is in this District; Plaintiff is a natural person and resident of Paulding County, Georgia;

LexisNexis transacts business within this District; and a substantial portion of the violations described in this Complaint occurred in this District.

8.　　Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

9.　　LexisNexis is a corporation with its principal place of business at 1000 Alderman Drive, Alpharetta, Georgia 30005.

10.　　LexisNexis is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). LexisNexis is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11.　　LexisNexis disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

12.　　LexisNexis is one of the largest credit reporting agencies in the United States today.

13.　　In or about 2022, Plaintiff attempted to obtain automobile insurance from non-party, State Farm, and was denied. Plaintiff spoke with a State Farm representative who advised the denial was due to the number of accident claims appearing on his consumer report.

14.     The aforementioned accident claims appeared to actually belong to Plaintiff's brother, Humphry Smith.

15.     Plaintiff and his brother, Humphry Smith, were not previously, at the time of any of the accident claims, or currently on the same automobile insurance policy.

16.     On or about December 18, 2023, Plaintiff attempted to obtain a copy of his LexisNexis report online by providing his name, address, Social Security number, contact information, and driver's license but was unsuccessful.

17.     On or about December 18, 2023, LexisNexis sent a letter to Plaintiff advising it was unable to process his request and requested additional information to verify his identity despite Plaintiff having provided all the personal identifying information requested by the website.

18.     On or about December 29, 2023, Plaintiff sent a letter to LexisNexis requesting a copy of his LexisNexis report. To confirm his identity, Plaintiff included images of his driver's license, Social Security card, recent utility bill, and correspondence from his life insurance company.

19.     Plaintiff mailed his request to LexisNexis via USPS Certified Mail, tracking number 7021 0350 0000 8749 0941.

20.   On or about January 24, 2024, Plaintiff received a copy of his LexisNexis consumer report dated January 10, 2024.

21.   Upon review of his LexisNexis consumer report, Plaintiff observed several errors in his report:

     i.    Twenty-five (25) errors in "Section 1: Identification Records" including names, date of birth, addresses, phone numbers, and email addresses;

    ii.    Twenty-one (21) errors in "Section 2: Address Characteristic Record";

   iii.    Two (2) errors in "Section 5: Association Records";

   iv.    Fifteen (15) errors in "Section 6: Online Marketing Records";

    v.    Two (2) errors in "Section 7: Property Deed Records";

   vi.    Four (4) errors in "Section 9: Insurance Policy Records" which incorrectly stated Plaintiff was the primary policyholder with three different insurance companies; and

   vii.    An error in "Section 10: Auto Insurance Claims" which included a claim submitted on June 11, 2018, for 2008 Mercedes-Benz S550 from Allstate, claim number ending in x0327 and policy number

ending in x2924. Plaintiff has never owned a 2008 Mercedes-Benz S550 and never filed this claim.

22.    Shortly thereafter, Plaintiff contacted Allstate, and the representative stated Allstate did not have any accidents under Plaintiff's name with policy number ending in x2924 or claim number ending in x0327.

23.    On or about January 31, 2024, Plaintiff mailed a detailed dispute letter to LexisNexis regarding the inaccurate reporting and requested an updated copy of his consumer report. In the letter, Plaintiff explained there were several errors in his consumer report. Further, Plaintiff advised the Allstate auto insurance claim was not his, that he was not involved in the auto accident on or about June 11, 2018, that he had never owned or driven the vehicle involved, and that an Allstate representative confirmed they had no claims filed under his name matching the policy number or claim number. In the letter, Plaintiff included an image of his driver's license, Social Security card, recent utility bill, and letter from his life insurance company as proof of identity. Plaintiff also included images of the erroneous reporting and other supporting documents.

24.    Plaintiff mailed his detailed dispute letter to LexisNexis via USPS Certified Mail, tracking number 9589 0710 5270 0946 1305 09.

25.     Despite confirmation of delivery on February 3, 2024, Plaintiff did not receive dispute results in the mail from LexisNexis.

26.     On or about March 1, 2024, LexisNexis mailed Plaintiff a copy of his LexisNexis consumer report. Upon review, Plaintiff observed all the disputed errors remained and his report remained unchanged.

27.     On or about March 8, 2024, Plaintiff contacted LexisNexis to place a freeze on his file and inquire as to the investigation results. The LexisNexis representative stated the investigation was pending. Plaintiff again requested a copy of his updated LexisNexis consumer report.

28.     On or about March 9, 2024, LexisNexis placed a freeze on Plaintiff's file.

29.     Despite being told the investigation was pending, Plaintiff never received any dispute results from LexisNexis.

30.     Plaintiff provided more than sufficient information to LexisNexis to identify his file and to handle the dispute and provide an updated consumer report. LexisNexis failed to follow the mandates of the FCRA and refused to conduct a reasonable investigation.

31.     LexisNexis failed to do any independent investigation into Plaintiff's dispute and never attempted to contact Plaintiff during the alleged investigation.

32.     Due to the continued inaccurate reporting, on or about March 26, 2024, Plaintiff sent another detailed dispute letter to LexisNexis and again requested an updated copy of his LexisNexis consumer report. In the letter, Plaintiff reiterated there were several errors in his consumer report. Further, Plaintiff advised the Allstate auto insurance claim was not his, that he was not involved in the auto accident on or about June 11, 2018, that he had never owned or driven the vehicle involved, and that an Allstate representative confirmed they had no claims filed under his name matching the policy number or claim number. In the letter, Plaintiff included an image of his driver's license, Social Security card, recent utility bill, and letter from his life insurance company as proof of identity. Plaintiff also included images of the erroneous reporting and other supporting documents.

33.     Plaintiff mailed his detailed dispute letter to LexisNexis via USPS Certified Mail, tracking number 9589 0710 5270 0946 1483 51.

34.     On or about April 30, 2024, LexisNexis responded with a letter addressed to a "Willard L. Reeves" which stated it was unable to process Plaintiff's request because it was unable to authenticate his identity despite Plaintiff having provided a copy of his driver's license, Social Security card, recent utility bill, and correspondence from his life insurance company.

35.    Plaintiff provided more than sufficient information to LexisNexis to identify his file and to handle the dispute and provide an updated consumer report. LexisNexis failed to follow the mandates of the FCRA and refused to conduct a reasonable investigation.

36.    LexisNexis failed to do any independent investigation into Plaintiff's dispute and never attempted to contact Plaintiff during the alleged investigation.

37.    Despite Plaintiff's best efforts to have the inaccurate information corrected, upon information and belief, LexisNexis continues to report the inaccurate Allstate accident claim on Plaintiff's consumer report. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

38.    Despite Plaintiff's pleas, LexisNexis has not conducted an actual investigation.

39.    Plaintiff continues to suffer as of the filing of this Complaint with LexisNexis' reluctance to conduct a thorough investigation into his disputes or otherwise make his consumer file accurate.

40.    LexisNexis clearly does not have policies and procedures in place to ensure the maximum possible accuracy of the consumer reports it publishes.

41.    As a result of the action and/or inaction of LexisNexis, Plaintiff has suffered damages, including, but not limited to:

i.   Monies lost by attempting to fix his consumer report. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

ii.   Loss of time attempting to cure the errors;

iii.   Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by LexisNexis' reluctance to fix the errors;

iv.   An increase in his auto insurance deductible and insurance rate;

v.   Inability and difficulty in obtaining affordable automobile insurance; and

vi.   Defamation as LexisNexis published inaccurate information to third party entities.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to
Defendant, LexisNexis Risk Solutions, Inc. (Negligent)**

42.   Plaintiff re-alleges and re-incorporates paragraphs one (1) through forty-one (41) as if fully stated herein.

43.     LexisNexis violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

44.     Upon information and belief, LexisNexis allowed for a Furnisher to report inaccurate information on an account.  LexisNexis failed to have policies and procedures to avoid misreporting accidents.

45.     Upon information and belief, LexisNexis is aware that it has misrepresented accident history on consumers, yet it fails to enforce proper policies and procedures to prevent such error.

46.     Upon information and belief, LexisNexis prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

47.     As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower automobile insurance rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for automobile insurance, and the damages otherwise outlined in this Complaint.

48.     The conduct, action, and/or inaction of LexisNexis was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

49.     Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, WILLARD LAMAR SMITH, respectfully requests that this Court award actual damages against Defendant, LEXISNEXIS RISK SOLUTIONS, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT II
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, LexisNexis Risk Solutions, Inc. (Willful)**

50.     Plaintiff re-alleges and re-incorporates paragraphs one (1) through forty-one (41) as if fully stated herein.

51.     LexisNexis violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

52.    Upon information and belief, LexisNexis allowed for a Furnisher to report inaccurate information on an account.  LexisNexis failed to have policies and procedures to avoid misreporting accidents.

53.    Upon information and belief, LexisNexis is aware that it has misrepresented accident history on consumers, yet it fails to enforce proper policies and procedures to prevent such error.

54.    Upon information and belief, LexisNexis prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

55.    As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower automobile insurance rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for automobile insurance, and the damages otherwise outlined in this Complaint.

56.    The conduct, action, and/or inaction of LexisNexis was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

57.    Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, WILLARD LAMAR SMITH, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, LEXISNEXIS RISK SOLUTIONS, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, LexisNexis Risk Solutions, Inc. (Negligent)

58.    Plaintiff re-alleges and re-incorporates paragraphs one (1) through forty-one (41) as if fully stated herein.

59.    After receiving Plaintiff's disputes, LexisNexis violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and/or (4) relying upon verification from a source it has to know is unreliable.

60.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, LexisNexis refused to conduct

any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

61.    As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower automobile insurance rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for automobile insurance, and the damages otherwise outlined in this Complaint.

62.    The conduct, action, and/or inaction of LexisNexis was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

63.    Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, WILLARD LAMAR SMITH, respectfully requests that this Court award actual damages against Defendant, LEXISNEXIS RISK SOLUTIONS, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT IV**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, LexisNexis Risk Solutions, Inc. (Willful)**

64.     Plaintiff re-alleges and re-incorporates paragraphs one (1) through forty-one (41) as if fully stated herein.

65.     After receiving Plaintiff's disputes, LexisNexis violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and/or (4) relying upon verification from a source it has to know is unreliable.

66.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, LexisNexis refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

67.     As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower automobile insurance rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for automobile insurance, and the damages otherwise outlined in this Complaint.

68.     The conduct, action, and/or inaction of LexisNexis was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

69.     Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, WILLARD LAMAR SMITH, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, LEXISNEXIS RISK SOLUTIONS, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT V**
**Violation of 15 U.S.C. § 1681g as to**
**Defendant, LexisNexis Risk Solutions, Inc. (Negligent)**

70.     Plaintiff re-alleges and re-incorporates paragraphs one (1) through forty-one (41) as if fully stated herein.

71.     After receiving Plaintiff's disputes, LexisNexis violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's consumer file.

72.    Plaintiff provided to LexisNexis appropriate and sufficient proofs of identity to allow LexisNexis to create a high degree of confidence in knowing the identity of Plaintiff.

73.    Despite the sufficient proofs of identification produced by Plaintiff, LexisNexis refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation or results to Plaintiff.

74.    As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower automobile insurance rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for automobile insurance, and the damages otherwise outlined in this Complaint.

75.    The conduct, action, and/or inaction of LexisNexis was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

76.    Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, WILLARD LAMAR SMITH, respectfully requests that this Court award actual damages against Defendant, LEXISNEXIS RISK SOLUTIONS, INC., jointly and severally; award Plaintiff his attorney's fees and

costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT VI**
**Violation of 15 U.S.C. § 1681g as to**
**Defendant, LexisNexis Risk Solutions, Inc. (Willful)**

77.     Plaintiff re-alleges and re-incorporates paragraphs one (1) through forty-one (41) as if fully stated herein.

78.     After receiving Plaintiff's disputes, LexisNexis violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's consumer file.

79.     Plaintiff provided to LexisNexis appropriate and sufficient proofs of identity to allow LexisNexis to create a high degree of confidence in knowing the identity of Plaintiff.

80.     Despite the sufficient proofs of identification produced by Plaintiff, LexisNexis refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation or results to Plaintiff.

81.     As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower automobile insurance rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for automobile insurance, and the damages otherwise outlined in this Complaint.

82.     The conduct, action, and/or inaction of LexisNexis was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

83.     Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, WILLARD LAMAR SMITH, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, LEXISNEXIS RISK SOLUTIONS, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, WILLARD LAMAR SMITH, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendant, LEXISNEXIS RISK SOLUTIONS, INC., jointly and

severally; attorneys' fees and costs; prejudgment and post-judgment interest at the

judgment rate; and such other relief the Court deems just and proper.

DATED this 10th day of May 2024.

Respectfully submitted,

**/s/ *Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorneys for Plaintiff*